```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X
GUILLERMO GONZALEZ,

                    Petitioner,

        - against -                          07 Cv. 9277 (JES)
                                             84 Cr. 109 (JES)
UNITED STATES OF AMERICA,
                                             SUMMARY ORDER
                    Respondent.
-------------------------------X
```

The above-captioned action having come before the Court, and petitioner having entered a plea of guilty to the charges of bank larceny, in violation of 18 U.S.C. § 2113(b), and failure to appear, in violation of 18 U.S.C. § 3150, on June 12, 1985, and the Court having sentenced petitioner on July 18, 1985 to eight years imprisonment, and petitioner subsequently having escaped from federal custody on June 27, 1986, having been arrested in the Dominican Republic in November 2005, convicted in the District of Minnesota and sentenced on November 2, 2006 to one year plus one day imprisonment to be followed by two years' supervised release, and petitioner currently being held in federal custody for his 1985 convictions in this Court, and petitioner having submitted a Motion pursuant to 28 U.S.C. § 2255 ("§ 2255 Petition") on September 13, 2007 challenging his conviction in this Court on multiple grounds[1] including a claim of ineffective assistance of counsel based on petitioner's allegation that his attorney, Robert Blossner, Esq.,

---

[1] Petitioner's motion presents four grounds on which he would base an appeal if he were re-sentenced: (a) "ineffective assistance of counsel" based on counsel's failure to advise him of his potential sentence for failing to appear; (b) "abuse of discretion" based on the Court disregarding the plea agreement and not giving the petitioner an opportunity to review the Presentence Investigation Report; (c) "sentencing disparity" based on lower sentences received by other participants in the underlying crime; and (d) "selective prosecution" based on his cousin having been found not guilty by a jury. The petitioner is procedurally barred from raising these issues in his motion under § 2255 because he did not raise them on appeal. See Sapia v. United States, 433 F.3d 212, 217 (2d Cir. 2005).

failed to file a notice of appeal upon petitioner's request, and the Government having responded on February 21, 2008, and the Court having considered all matters raised, and

**WHEREAS** motions made pursuant to 28 U.S.C. § 2255 must be brought within one year from "the date on which the judgment of conviction becomes final," see 28 U.S.C. § 2255(f)(1), or one year from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence," see id. § 2255(f)(4), and

**WHEREAS** petitioner's judgment of conviction became final on August 15, 1985, and petitioner did not file his § 2255 Petition until September 13, 2007, more than twenty-two years later, and

**WHEREAS** in those instances when newly discovered facts are relied upon, a § 2255 petition must be filed no later than one year from the date on which a "duly diligent person in petitioner's circumstances would have discovered that no appeal had been filed," see Wims v. United States, 225 F.3d 186, 190 (2d Cir. 2000), petitioner does not explain why it took twenty-two years to discover that counsel never filed a notice of appeal, and petitioner relies on no additional newly-discovered facts, and

**WHEREAS**, assuming arguendo, that the § 2255 Petition is not barred by the statute of limitations, a district court reviewing a § 2255 petition has discretion to determine if a testimonial hearing will be conducted and "allegations of facts outside the record can be fully investigated without requiring the personal presence of the prisoner," see Chang v. United States, 250 F.3d 79, 85 (2d Cir. 2001) (citation omitted), and petitioner's former counsel filed a sworn affidavit which states that "[i]n the years that I have practiced, I have never refuse to file a Notice of Appeal on behalf of a client, nor have I forgotten to do so, or been late to file such notice," see Gov'ts Resp. to Petitioner's Mot., Ex. F, and, therefore, a hearing with live testimony is

unnecessary to decide this case because live testimony would add little or nothing to the written submissions from petitioner and counsel, it is

**ORDERED** that even assuming arguendo that petitioner exercised due diligence in determining whether counsel filed a notice of appeal, the Court credits counsel's credible, sworn affidavit, dated February 19, 2008, and finds that counsel was not asked to file notice of appeal, and it is further

**ORDERED** that because petitioner's § 2255 Petition is time-barred, it shall be and hereby is denied.

**It is SO ORDERED**

DATED:    New York, New York
          April  16 , 2008

                                    _____
                                    John E. Sprizzo
                                    United States District Judge